NUMBER 13-06-00110-CR and 13-06-00111-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


ODELL COLEMAN, JR., Appellant,


v.


THE STATE OF TEXAS, Appellee.

 


On appeal from the 24th District Court of Victoria County, Texas.

 


MEMORANDUM OPINION


Before Chief Justice Valdez and Justices Benavides and Vela


Memorandum Opinion by Chief Justice Valdez




 Appellant, Odell Coleman, appeals from his conviction of unlawful delivery of a
controlled substance in a drug-free zone. Tex. Health & Safety Code Ann. § 481.112
(Vernon 2003), § 481.134 (Vernon Supp. 2006). Coleman filed a pro se brief. His
appellate counsel, concluding that "there are no arguable grounds to be advanced on
appeal," filed a brief in which he reviewed the merits, or lack thereof, of the appeal. We
affirm.

I. BACKGROUND

 On June 1, 2005, Coleman plead guilty to two counts of unlawful delivery of a
controlled substance in a drug-free zone and waived a trial by jury as to guilt and
punishment. Although Coleman contends a sentencing agreement was reached, the
record contains no such agreement. Upon entering his plea, Coleman was released on
bond pending a sentencing hearing. He failed to appear for sentencing. Coleman was
eventually apprehended, and on November 9, 2005, the trial court sentenced him to a five
year prison term for each count, to run consecutively. This appeal ensued.

II. DISCUSSION

A. Compliance with Anders v. California

 Appellant's court-appointed counsel filed an Anders brief, in which he concludes
there is nothing that merits review on direct appeal. Anders v. California, 386 U.S. 738,
744 (1967). Appellant's brief meets the requirements of Anders. Id. at 744-45; see High
v. State, 573 S.W.2d 807, 812 (Tex. Crim. App. [Panel Op.] 1978). In compliance with
Anders, counsel presented a professional evaluation of the record and referred this Court
to what, in his opinion, are all issues which might arguably support an appeal. See Anders,
386 U.S. at 744; Currie v. State, 516 S.W.2d 684, 684 (Tex. Crim. App. 1974); see also
High, 573 S.W.2d at 812. 

 Counsel has informed this Court that: (1) he has diligently read and reviewed the
record and the circumstances of appellant's conviction, including the facts of the case,
allegations of ineffective assistance of trial counsel, the existence of a purported
punishment agreement, allegations of entrapment, and an assertion that Coleman was
tried twice for the same offense; (2) he believes that there are no arguable grounds to be
advanced on appeal; and (3) he forwarded to appellant a copy of the brief filed in support
of his motion to withdraw with a letter informing appellant of his right to review the record
and to file a pro se brief. See Anders, 386 U.S. at 744-45; see also Stafford v. State, 813
S.W.2d 503, 509 (Tex. Crim. App. 1991) (en banc); High, 573 S.W.2d at 813. Counsel has
also informed this Court that he mailed a copy of the record to appellant.

B. Ineffective Assistance of Counsel

 As directed by Anders, appellate counsel raises a possible issue for our review. In
this case, ineffective assistance of trial counsel is the possible issue for review. The
argument centers around Coleman's allegations that his trial counsel failed to consult with
him and properly advise him of plea offers. Coleman also contends that his trial counsel
made false statements to him.

 The United States Supreme Court and the Texas Court of Criminal Appeals have
promulgated a two-prong test to determine whether representation was so inadequate that
it violated a defendant's sixth amendment right to counsel. See Strickland v. Washington,
466 U.S. 668, 687 (1984); Hernandez v. State, 726 S.W.2d 53, 54-55 (Tex. Crim. App.
1986); De Pena v. State, 148 S.W.3d 461, 468-69 (Tex. App.-Corpus Christi 2004, no
pet.). To establish ineffective assistance of counsel, appellant must show: (1) his
attorney's representation fell below an objective standard of reasonableness; and (2) there
is a reasonable probability that, but for his attorney's errors, the result of the proceeding
would have been different. Strickland, 466 U.S. at 687; Stone v. State, 17 S.W.3d 348,
349-50 (Tex. App.-Corpus Christi 2000, pet. ref'd). Failure of defense counsel to inform
a criminal defendant of plea offers made by the State is an omission that falls below an
objective standard of professional reasonableness. Ex parte Wilson, 724 S.W.2d 72, 73-74 (Tex. Crim. App. 1987) (applying two-part test set forth in Strickland, 466 U.S. at 687). 

 Regarding Coleman's assertion that his trial counsel failed to relay a punishment
offer and made false statements to him, the record contains no evidence of such an offer
or false statements. The State maintains that "there is no indication of any such plea being
offered." State's Brief, pp. 2. Moreover, the plea memorandum executed by Coleman
on June 2, 2005, reads, in part :

 The defendant is totally satisfied with the representation given by the
defendant's attorney in this case, and the defendant was provided fully
effective and competent representation. 


Clerk's Record, Vol. 1, pp. 41. Following the test for determining ineffective assistance
of counsel as set forth in Strickland, we conclude, from a review of the totality of
representation, appellant has not shown how his attorney's representation fell below an
objective standard of reasonableness and has failed to show that there is a reasonable
probability that, but for his attorney's errors, the result of the proceeding would have been
different. Strickland, 466 U.S. at 687. 

C. Pro se Brief

 Coleman's pro se brief raises two issues. Coleman asserts the ineffective
assistance of counsel argument brought by his appellate counsel, which this Court has
already addressed. (1) Tex. R. App. P. 47.4 (providing that when the issues are settled the
court should write a brief memorandum opinion no longer than necessary to advise the
parties of the court's decision and the basic reasons for it). Additionally, Coleman
contends that the trial judge exceeded a punishment agreement purportedly reached with
the State. As already noted, the record clearly establishes that no punishment agreement
was presented to the trial court. Coleman's second issue is therefore without merit. 
Accordingly, Coleman's first and second issues are overruled.

D. Independent Review

 The United States Supreme Court advised appellate courts that upon receiving a
"frivolous appeal" brief, they must conduct "a full examination of all the proceedings to
decide whether the case is wholly frivolous." Penson v. Ohio, 488 U.S. 75, 80 (1988); see
Ybarra v. State, 93 S.W.3d 922, 926 (Tex. App.-Corpus Christi 2003, no pet.). 
Accordingly, we have carefully reviewed the record and have found nothing that would
arguably support an appeal. See Bledsoe v. State, 178 S.W.3d 824, 826 (Tex. Crim. App.
2005); Stafford, 813 S.W.2d at 509. We agree with counsel that the appeal is wholly
frivolous and without merit. See Bledsoe, 178 S.W.3d at 827-28 ("Due to the nature of
Anders briefs, by indicating in the opinion that it considered the issues raised in the briefs
and reviewed the record for reversible error but found none, the court of appeals met the
requirements of Texas Rule of Appellate Procedure 47.1.").

III. CONCLUSION

 The judgment of the trial court is affirmed. Additionally, found in the Anders brief is
appellant's counsel's motion to withdraw as counsel for appellant; the motion was carried
with the case on June 22, 2006. See Anders, 386 U.S. at 744. Having affirmed the
judgment, we now grant counsel's motion to withdraw. We order counsel to notify
appellant of the disposition of this appeal and of the availability of discretionary review. 
See Ex parte Wilson, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997) (en banc) (per curiam).

 


 

 ROGELIO VALDEZ

 Chief Justice

 

Do not publish. 

Tex. R. App. P. 47.2(b).


Memorandum Opinion delivered and filed 

this the 21st day of June, 2007.








1. We note that although appellant's attempt at a direct appeal has been unsuccessful he is not without
a potential remedy. Challenges requiring development of a record to substantiate a claim such as ineffective
assistance of counsel may be raised in an application for writ of habeas corpus. See Tex. Code Crim. Proc.
Ann. art. 11.07 (Vernon 2005); Cooper v. State, 45 S.W.3d 77, 82 (Tex. Crim. App. 2001); Ex parte Torres,
943 S.W.2d 469, 476 (Tex. Crim. App. 1997). An application for writ of habeas corpus relief would "provide
an opportunity to conduct a dedicated hearing to consider the facts, circumstances, and rationale behind
counsel's actions at . . . trial." Thompson v. State, 9 S.W.3d 808, 814-15 (Tex. Crim. App. 1999).