Ex parte Willie E. WILSON.

No. 69706.

Court of Criminal Appeals of Texas, En Banc.

Feb. 4, 1987.

Peter Fleury, Huntsville, for appellant.

Vic Feazell, Dist. Atty. and Crawford Long and Ken Bennett, Asst. Dist. Attys., Waco, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

W.C. DAVIS, Judge.

Applicant filed this application for a post conviction writ of habeas corpus pursuant to Art. 11.07, V.A.C.C.P. He alleges that he received ineffective assistance of counsel because his trial attorney failed to inform him of the prosecutor's plea bargain offer.

We ordered the trial court to hold an evidentiary hearing on the issue of the alleged failure to inform applicant of the State's plea bargain offer. The case is now before us with a record of that hearing and the trial court's findings of fact.

The record before us reflects that the prosecutor in the case offered applicant's attorney thirteen years' confinement for applicant in exchange for applicant's plea of "guilty." The prosecutor testified applicant's attorney refused the offer "offhand," believing he could win the case. Applicant's attorney did not recall whether or not the prosecutor had ever made a thirteen-year offer and did not recall informing applicant of such offer. The prosecutor had written notes of such offer.

Applicant testified that he was indicted for theft in the instant case with enhancement allegations included that resulted in an automatic life sentence after a jury convicted him. See V.T.C.A. Penal Code, § 12.42(d) (before amendment in 1983). Applicant testified that he would have accepted a plea offer of thirteen years had he been informed of it. He did not learn about the offer until 1985 while discussing the case with the prosecutor.

The issue before us is whether an attorney's failure to inform his client of a plea bargain offer constitutes ineffective assistance of counsel under the Sixth and Fourteenth Amendments for the United States Constitution. This issue is one of first impression before this Court.

There is no doubt that an accused is entitled to effective assistance of counsel during the plea bargaining process. See *Hill v. Lockhart,* —— U.S. ——, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985), applying the two-part test of *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). See also *United States ex rel. Caruso v. Zelinsky,* 689 F.2d 435 (3d Cir. 1982). The *Strickland* test requires the accused to show first, that counsel's representation fell below an objective standard of reasonableness; and second, the accused must show that this deficient performance prejudiced the defense.

In *Strickland,* supra, the Court stated that representation of a criminal defendant entails certain basic duties, including consulting with the defendant on important decisions and informing the defendant of important developments in the course of the prosecution. The Court also noted that prevailing norms of practice as reflected in the American Bar Association standards and the like are guides for evaluating the reasonableness of the representation under the circumstances of the individual case. *Strickland,* 104 S.Ct. at 2065. We now examine some of these authorities.

As the Court of Appeals noted in a well written opinion addressing the same issue, *Hanzelka v. State,* 682 S.W.2d 385 (Tex. App.—Austin 1984), the Texas State Bar Code of Professional Responsibility contains some directives on the issue. Ethical Consideration 7–7 provides:

> In certain areas of legal representation not affecting the merits of the cause or substantially prejudicing the rights of a client, a lawyer is entitled to make the decisions on his own. But otherwise the authority to make decisions is exclusively that of the client and, if made within the framework of the law, such decisions are binding on his lawyer. As typical examples in civil cases, it is for the client to decide whether he will accept a settlement offer or whether he will waive his right to plead an affirmative defense. A defense lawyer in a criminal case has the

duty to advise his client fully on whether a particular plea to a charge appears to be desirable and as to the prospects of success on appeal, but it is for the client to decide what plea should be entered and whether an appeal should be taken.

Ethical Consideration 7–8 provides in pertinent part:

A lawyer should exert his best efforts to insure that decisions of his client are made only after the client has been informed of relevant considerations.

The Court of Appeals also quoted from "The Defense Function" referred to by the Supreme Court in *Strickland*, supra, which contains standards of conduct for defense attorneys and standards pertaining to plea bargains:

'In conducting discussions with the prosecutor the lawyer should keep the accused advised of developments at all times and all proposals made by the prosecutor should be communicated promptly to the accused. 1 Standards for Criminal Justice, Standard 4–6.2(a) (2d ed. 1980).'

The commentary to Standard 4–6.2 provides:

'Because plea discussions are usually held without the accused being present, the lawyer has the duty to communicate fully to the client the substance of the discussions.

It is important that the accused be informed of proposals made by the prosecutor; the accused, not the lawyer, has the right to decide on prosecution proposals, even when a proposal is one that the lawyer would not approve. If the accused's choice on the question of guilty plea is to be an informed one, the accused must act with full awareness of the alternatives, including any that arise from proposals made by the prosecutor.'

*Hanzelka*, 682 S.W.2d at 386–387.

See also American Bar Association Code of Professional Responsibility, EC7–7. The American Bar Association Standards for Criminal Justice Standard 4–6.2(a) states:

In conducting discussions with the prosecutor the lawyer should keep the accused advised of developments at all times and all proposals made by the prosecutor should be communicated promptly to the accused.

I ABA Standard for Criminal Justice Standard 4–6.2(a) (2d ed. 1980 and 1986 Supp.)

Courts that have considered the issue, generally agree that a defendant has a right to be informed about plea bargain offers as part of his participation in the decision-making process surrounding his defense. *United States ex rel. Caruso v. Zelinsky*, supra; *Elmore v. State*, 285 Ark. 42, 684 S.W.2d 263 (1985); *Hanzelka v. State*, 682 S.W.2d 385 (Tex.App.—Austin, 1984); *Harris v. State*, 437 N.Ed.2d 44 (Ind.1982); *Curl v. State*, 272 Ind. 605, 400 N.Ed.2d 775 (1980); *Lyles v. State*, 178 Ind.App. 398, 382 N.Ed.2d 991 (1978); *State v. Simmons*, 65 N.C.App. 294, 309 S.E.2d 493 (1983); *People v. Whitfield*, 40 Ill.2d 308, 239 N.E.2d 850 (1968). Cf. *Johnson v. Duckworth*, 793 F.2d 898 (7th Cir.1986).

We agree with the Seventh Circuit's statement in *Johnson v. Duckworth*, supra, that:

After examining the cases and professional standards, we fully agree ... that in the ordinary case criminal defense attorneys have a duty to inform their clients of plea agreements proffered by the prosecution, and that failure to do so constitutes ineffective assistance of counsel under the sixth and fourteenth amendments.

*Johnson v. Duckworth*, 793 F.2d at 902.

In the instant case counsel's failure to inform applicant of the State's plea bargain offer of thirteen years was error and such representation falls below an objective standard of reasonableness, as shown by the previous discussion and authorities. Further, applicant stated he would have agreed to the plea bargain offer and would have had to serve thirteen years rather than life. We agree this shows that applicant has suffered prejudice due to counsel's failure to inform him of the State's offer.[1] Thus, under the *Stickland* test,

---

1. *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068, requires:

applicant's trial attorney did not accord applicant effective assistance of counsel. The relief requested is granted. Applicant's conviction is reversed and the cause is remanded for a new trial.

ONION, P.J., and McCORMICK and WHITE, JJ., concur in the result.

The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.