William Owens, Jr. v. The State of Texas










 





IN THE
TENTH COURT OF APPEALS
 

No. 10-93-047-CR

     WILLIAM OWENS, JR.,
                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                              Appellee
 

From the 12th District Court
Leon County, Texas
Trial Court # 7637-B
                                                                                                                

O P I N I O N
                                                                                                                

      A jury convicted William Owens, Jr. of the felony offense of aggravated sexual assault. See
Tex. Pen. Code Ann. § 22.021(a)(1)(A)(i), (2)(A)(iv) (Vernon Supp. 1998).


 Owens pled true
to two prior felony convictions alleged to enhance his punishment to the level of a habitual
offender. The court assessed punishment at 60 years’ confinement in the Texas Department of
Criminal Justice, Institutional Division. 
      Owens filed an appeal to this Court and in an unpublished opinion we found that the appeal
was untimely. Owens filed a writ of habeas corpus with the Court of Criminal Appeals and was
granted an out-of-time appeal. Tex. Code Crim. Proc. Ann. art. 11.07 (Vernon Supp. 1998). 
In his first ground, Owens argues that he received ineffective assistance of counsel, and in his
second ground he asserts that the evidence is legally and factually insufficient to support the
judgment.
FACTUAL BACKGROUND
      On June 17th, 1992 at approximately 8:30 p.m., Denice Grantham was driving her car to
return some job applications to some prospective employers. As she passed Billy Haynes’ house,
Owens stopped her and asked for a ride. Billy Haynes is a cousin of James Anthony, who is
married to Grantham’s sister, Theresa. Grantham testified that she had seen Owens at Haynes’
house earlier in the day and assumed he was a friend of his, so she decided to give him a ride. 
She testified that she and her sister had also encountered Owens at a neighbor’s house that
afternoon where a brief conversation took place. 
      After dropping off the applications, she was driving Owens to a friend’s house when he began
putting his hands on her legs. Owens directed her down a dirt road. They approached a trailer
house and Grantham got out of the car to let Owens out because the passenger door did not open. 
At this point, Owens tried to kiss her, and she bit him. He got mad and pulled out a knife and
forced her to lean up against the car. He put the knife at her back and told her to lay down on the
hood and then he raped her. 
      After he raped her, she was able to get into the car and drive away. She went to Theresa and
James Anthony’s house. She was crying hysterically and told Theresa that she had been raped by
the man they had seen earlier at the neighbor’s house. James ran outside with a gun and claimed
to see Owens down the street. James fired a shot and the man ran away. The police were called,
and they took Grantham to the hospital where a rape examination was performed.
INEFFECTIVE ASSISTANCE 
      Owens alleges that he received ineffective assistance of counsel which violates the Sixth and
Fourteenth Amendments of the United States Constitution and article I, sections 10 and 19 of the
Texas Constitution. Owens argues that his counsel was ineffective because he failed to
communicate a plea offer to him.
      In assessing the effectiveness of counsel during the guilt-innocence phase of trial, we apply
the test set forth by the Supreme Court in Strickland v. Washington. 466 U.S. 668, 687, 104 S.
Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984). Strickland requires us to determine whether: (1)
counsel’s performance was deficient; and if so, (2) whether there is a reasonable probability the
results would have been different but for counsel’s deficient performance. Strickland, 466 U.S.
at 687, 104 S. Ct. at 2064. The defendant must overcome the presumption that the challenged
action might be sound trial strategy. Id. at 689, 2065.
      We strongly presume that counsel’s conduct lies within the “wide range of reasonable
representation.” McFarland v. State, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996), cert. denied,
__ U.S. __, 117 S. Ct. 966, 136 L. Ed. 2d 851 (1997). The accused must overcome this
presumption by affirmatively showing that his representation fails the two-part test set forth in
Strickland. Generally, we examine the totality of the representation to determine the effectiveness
of counsel. Ex parte Raborn, 658 S.W.2d 602, 605 (Tex. Crim. App. 1983).
      We acknowledge that the failure of defense counsel to communicate a plea offer to a defendant
constitutes ineffective assistance of counsel. Ex parte Wilson, 724 S.W.2d 72, 74-5 (Tex. Crim.
App. 1987). However, claims of ineffective assistance must be supported in the record. Johnson
v. State, 691 S.W.2d 619, 627 (Tex. Crim. App. 1984). A hearing was held on Owens’ motion
for new trial which also alleged that counsel was ineffective because he failed to communicate a
plea offer. The court denied the motion for new trial. 
      At the hearing, the prosecutor testified that at some point during the trial he made a plea offer
of twenty-five years. He stated that defense counsel said he would discuss it with his client and
after a couple of hours told him that his client did not want to accept the offer. Defense counsel
testified that a plea offer of thirty-five years was made and rejected by Owens. Defense counsel
said that the offer was reduced to thirty years and then twenty-five years. He testified that he
communicated all of the offers to Owens. Owens testified that the last offer he knew about was
thirty-five years. According to Owens, defense counsel never communicated the twenty-five-year
offer. 
      We afford almost total deference to a trial court’s determination of the historical facts that the
record supports, especially facts based on an evaluation of credibility and demeanor of witnesses. 
Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). In this case, the credibility of the
witnesses is essential in determining whether the plea offer was communicated. We defer to the
trial court on the issue of credibility, and because the court denied the motion for new trial, we
must conclude that the trial court determined that defense counsel communicated the twenty-five-year plea offer. Thus, counsel’s performance was not deficient. We overrule the first ground. 
LEGAL SUFFICIENCY Owens argues in his second ground that the evidence is legally insufficient to support the
judgment. In reviewing a claim of legal insufficiency, the court reviews the evidence in the light
most favorable to the verdict to determine whether any rational trier of fact could have found the
essential elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307,
318-19, 99 S. Ct. 2781, 2788-89, 61 L. Ed. 2d 560 (1979); Lane v. State, 933 S.W.2d 504, 507
(Tex. Crim. App. 1996). 
      Grantham testified that Owens held a knife to her back and forced her onto the hood of her
car. He then forcibly raped her without her consent. She escaped and drove to her sister’s house. 
According to her sister, she was hysterical and she told her that she had been raped by the man
they had seen that afternoon at the neighbor’s house. Blake Goertz, an employee of the Texas
Department of Public Safety crime lab, analyzed the evidence contained in the rape kit. Goertz
detected semen on the swabs contained in the rape kit. He was not able to characterize the blood
type of the semen donor because the semen was very diluted. 
      Based on this evidence, a reasonable juror could find the elements of aggravated sexual assault
beyond a reasonable doubt.


 Thus, the evidence is legally sufficient.
                                                         FACTUALLY SUFFICIENCY 
      Owens also asserts that the evidence is factually insufficient. When presented with a factual
insufficiency claim, we discard the prism of the light most favorable to the verdict. Clewis v.
State, 922 S.W.2d 126, 134 (Tex. Crim. App. 1996). We reverse “only if [the verdict] is so
contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust.” Id. 
      All of the evidence in the record related to the contested issue is considered. Santellan v.
State, 939 S.W.2d 155, 164 (Tex. Crim. App. 1997). Evidence which tends to prove the issue
is compared with evidence which tends to disprove the issue. Id. We give appropriate deference
to the jury’s decision and do not substitute our judgment for theirs. Clewis, 922 S.W.2d at 135. 
We do not set aside the “verdict merely because [we] feel that a different result is more
reasonable.” Id. (quoting Pool v. Ford Motor Co., 715 S.W.2d 629, 634 (Tex. 1986)).
      As shown above, evidence exists which tends to prove that Owens committed the offense of
aggravated sexual assault. Owens offered some evidence which tended to prove that sexual
intercourse was consensual. Ethel Scott was identified as the neighbor at whose house Grantham
and her sister visited the afternoon of the offense. Scott testified that Grantham came to her porch
trying to get some money to get her husband out of jail. According to Scott, Owens told
Grantham he had fifty dollars to give her, and Grantham replied that she would be back to pick
him up. Grantham testified that her husband was in jail, and she was trying to get a job so she
could bail him out. 
      The jury is the sole judge of the credibility of the witnesses and the weight to be given their
testimony. Santellan, 939 S.W.2d at 164. We must give due deference to the jury on these
issues. Id. at 166. After reviewing all the evidence, we cannot say the verdict “is so contrary to
the overwhelming weight of the evidence as to be clearly wrong and unjust.” Clewis, 922 S.W.2d
at 134. Thus, we conclude that the evidence is factually sufficient to support the judgment. We
overrule the second ground.
      We affirm the judgment.
                                                                       REX D. DAVIS 
                                                                      Chief Justice                                          


Before Chief Justice Davis
       Justice Cummings and
       Justice Vance
Affirmed
Opinion delivered and filed May 13, 1998 
Do not publish