**Don William ATKINS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09–99–400 CR.**

Court of Appeals of Texas,
Beaumont.

Submitted March 16, 2000.

Decided Sept. 27, 2000.

Gary W. Bunyard, Mark Morefield & Associates, Liberty, for appellant.

Michael R. Little, Dist. Atty., Michael A. Mark, Asst. Dist. Atty., Liberty, for state.

Before WALKER, C.J., BURGESS, and STOVER, JJ.

**OPINION**

EARL B. STOVER, Justice.

This is an appeal from a conviction for the felony offense of DWI—subsequent offender. The trial court sentenced Don William Atkins as a habitual offender to twenty-five years of confinement in the Texas Department of Criminal Justice–Institutional Division and a $1,000 fine. Appellate counsel raises three issues on appeal.

In issue one, Atkins contends his trial counsel was ineffective. The standard for ineffective assistance is set out below:

In order to establish a claim for ineffective assistance of counsel, applicant must prove that (1) counsel's representation fell below an objective standard of reasonableness; and (2) counsel's deficient performance resulted in prejudice to the defense. *Ex parte Wilson,* 724 S.W.2d 72, 73 (Tex.Crim.App.1987) (applying two-part test set forth in *Strickland v.*

*Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). Failure of defense counsel to inform a criminal defendant of plea offers made by the State is an omission that falls below an objective standard of professional reasonableness. *Id.* at 73–74 (failure of counsel to advise defendant of plea bargain offer by government constitutes "gross deviation from accepted professional standards"); *see also United States v. Blaylock,* 20 F.3d 1458, 1466 (9th Cir.1994) (failure to communicate plea bargain offer constitutes unreasonable performance under prevailing professional standards); *Johnson v. Duckworth,* 793 F.2d 898, 902 (7th Cir.) (recognizing defense attorneys have duty to inform clients of plea agreements proffered by state and failure to do so constitutes ineffective assistance), *cert. denied,* 479 U.S. 937, 107 S.Ct. 416, 93 L.Ed.2d 367 (1986); *United States ex rel. Caruso v. Zelinsky,* 689 F.2d 435, 438 (3rd Cir. 1982) (failure to communicate plea bargain offer is denial of 6th and 14th amendment rights); *Barentine v. United States,* 728 F.Supp. 1241, 1251 (W.D.N.C.) ("federal courts have been unanimous in finding that [defense counsel's failure to inform the defendant of a plea offer] constitutes a violation of the defendant's Sixth Amendment constitutional right to effective assistance of counsel"), *aff'd,* 908 F.2d 968 (4th Cir. 1990).

*Ex parte Lemke,* 13 S.W.3d 791, 795–96 (Tex.Crim.App.2000). Atkins claims the record establishes that although the prosecutor communicated a plea bargain to his trial counsel, his attorney failed to communicate the offer to him. According to Atkins, he first became aware of the offer at the August 2, 1999, pre-trial hearing when he heard the prosecutor announce to the trial court that he (Atkins) had in the past rejected an offer of twelve years. The record reflects that upon hearing the prosecutor's remark concerning the twelve year offer Atkins immediately interjected that he had never heard of that offer and wanted to accept it. We quote from the record:

*[Prosecutor]:* Your Honor, as the Court may or may not know, Mr. Atkins is charged with a felony DWI. As a result, he has two misdemeanor priors and also we're alleging habitual, so that means he has two felony priors....

*The Court:* Come up here, Mr. Atkins. Do you understand if the jury finds that you were convicted of these prior offenses and convicts you of DWI on this, that the least they're going to give you is 25 years?

*The Defendant:* Yes, sir, Your Honor.

*[Prosecutor]:* I believe they're going to the Court, Judge.

*[Defense Counsel]:* We're going to the Court for punishment, Judge.

*The Court:* The least I can give you is 25 years.

*[Prosecutor]:* Yes, sir.

*The Court:* So that if I find you committed those crimes then I will not be able to give you probation. I will not be able to do anything except give you 25 years, you understand that?

*The Defendant:* Yes, sir, Your Honor.

*The Court:* All right. And notwithstanding that, you want to take your chances and try the case?

*The Defendant:* Yes, sir.

*[Defense counsel]:* Judge, actually we have nothing to lose. The plea offer's 25 years which is the bare minimum we can get anyway.

*The Court:* Is that right?

*[Defense Counsel]:* Yes, sir.

*[Prosecutor]:* Judge, it was 12 and he turned that down and then it was 15.

*The Defendant:* No, sir, I never was offered 12 years, Your Honor.

*[Defense Counsel]:* I think the last offer was 15 years, Judge.

*[Prosecutor]:* I told [defense counsel] 12.

[Defense Counsel]: The day we were in the courtroom, remember, I told you we needed to bring you in front of the bench and CCA took you out of here.

The Court: Well, do you want—

[Prosecutor]: Judge, that's off the table now.

The Court: Well, I know.

The Defendant: Yes, sir, I'll plead to 12.

The Court: If the offer didn't get to him, for crying out loud—

[Prosecutor]: Judge, the 15 got to him.

The Court: That's quite a bit of difference between 12 and 15.

The Defendant: Yes, sir. I'll take the 12.

[Prosecutor]: Judge, that's off the table.

The Court: Michael, you shouldn't do that.

[Prosecutor]: Judge, he can take 25 now. Judge, he knew full he could have taken 15 years because [defense counsel] went over that with him several times.

The Court: 15 and 12, there is a difference.

[Prosecutor]: Judge, anyway, we would request since Mr. Adkins is refusing to stipulate he give a sample of his prints for Mr. Simmons and then we will have Mr. Simons testify to prove up those prints on the prior judgments.

The Court: Okay. But I still think you ought to go ahead and let him plea [sic] for 12 and save all this time and trouble.

[Prosecutor]: Well, Judge, I mean, [defense counsel] and his client knew that the offer was—I know they knew it was 12.

The Defendant: No, sir.

[Prosecutor]: Then I know they knew it was 15 and he turned down 15, Judge.

The Court: I know, but I think you ought to let him plead for 12 for crying out loud. Life isn't that hard, shouldn't be. That—

[Prosecutor]: Judge, I'm sure the Court is not aware of his priors. Based on his priors we think now 25 is appropriate and when that comes out—

The Court: If 12 was appropriate Friday—how come he didn't get the word on Friday?

[Defense Counsel]: Judge, when we had him in Court which was three weeks ago, four weeks ago, I was sitting in the box. Michael said I'll offer him 15. When I went over there and offered him 15 he said I can't do 15 on DWI. I came back and told Michael he won't do 15. Michael said I'll possibly go down to 12 and I said we need to bring you up in front of the bench. At that time you were pretty mad when the offer was 15. Before we could get him up to the bench CCA took everybody back and we were going to bring him up to the bench at that time and turn down the offer. At that point he had not been told Michael would go down to 12 years at that time. I told him the offer was 15 years. And he went back to the jail and at that time when he left the offer was withdrawn and I went back over to the jail and told him that the offer was withdrawn and was 25 years at that time. If he wanted to plead Michael would agree to the minimum by law.

The Court: Okay. But I think you ought to go ahead and let him plead. If 12 is good enough—I know that we always deal or the lawyers deal in these matters informally but there is a chance there was a misunderstanding here and he's willing to take the 12. So I think you ought to do it. But if you won't, you won't.

[Prosecutor]: Judge, there was no misunderstanding of the 15 and I know the Court says there is not that much difference between 12 and 15. There is a big difference between 25 and 15, and he knew full well 15 was the offer and he rejected it.

The Court: There is a difference between 12 and 15 if you're having to serve it.

*The Defendant:* Your Honor, I didn't have time to really even think about it when I come over here. He just offered it to me. I didn't know it was a spur of the moment thing.

*The Court:* A serious matter like that—

*[Prosecutor]:* Judge, he's been in jail I think four months, I think. [Defense counsel] has talked to him several times about the offer for 15, Judge. It's not like I just sprung it on him.

*The Defendant:* It's been 25 years.

*The Court:* If 12 is good enough you ought to let him have 12, heck fire. Okay.

Although the State finds the record surrounding the twelve year offer to be unclear, we do not. Our review of the record reveals that the prosecutor expressly stated he had offered appellant twelve years. Although the prosecutor indicated he was certain the defendant and counsel knew the offer was twelve, appellant stated he was never offered twelve years.

In explaining the matter, defense counsel refers to a time some three to four weeks earlier when he and the prosecutor were discussing the case. According to Atkins' trial attorney, the prosecutor offered fifteen years, which Atkins turned down. After trial counsel communicated the refusal of the fifteen year offer, he stated the prosecutor indicated he would possibly go down to twelve years. At that moment, according to Atkins, CCA (the meaning of which the record does not reveal) interrupted the colloquy and "took everybody back." In further explaining the events that day, trial counsel stated that Atkins "had not been told the prosecutor would go down to 12 years." Subsequently, the State withdrew the twelve, and later the fifteen year offer, and instead offered twenty-five years.

 After reviewing the record, we conclude it is clear that the State made an offer to Atkins that was never communicated to him. Furthermore, the record reveals Atkins would have accepted the twelve year offer had it been offered to him. Consequently, under the Strickland standard and the Lemke holding, we conclude trial counsel's representation fell below an objective standard of reasonableness, and the deficient performance resulted in prejudice to him. In short, Atkins was deprived of the opportunity to accept the State's twelve year plea bargain offer and to present it to the trial court for consideration in setting his sentence and was thereby prejudiced.

We sustain issue one and reverse the judgment of conviction. We remand this case to the trial court with orders that the trial court vacate the judgment of conviction and require the State to reinstate its twelve year plea bargain offer. Having disposed of this case as we have, we need not address the remaining points of error.

REVERSED AND REMANDED.