IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-66,938-02






EX PARTE EDWARD JEROME PUCKETT, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. W91-34666-H(A) IN CRIMINAL DISTRICT COURT NO. 1 


FROM DALLAS COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated sexual
assault of a child and sentenced to thirty (30) years' imprisonment. The Fifth Court of Appeals
dismissed Applicant's appeal because his notice of appeal was untimely filed. See Puckett v. State,
No. 05-00-00091-CR (Tex. App.-- Dallas, no. pet, 2000.)

 Applicant contends that counsel rendered ineffective assistance because counsel advised him
that the maximum punishment he could get for this offense was ten years if he contested the charges
in the State's motion to revoke. Also, counsel was ineffective for advising him that he was probably
going to "walk out a free man" or could be placed in an SAFP treatment program if he contested the
charges. Applicant alleges that if counsel had advised him that the applicable punishment range was
5 to 99 years' imprisonment or life, he would have accepted the State's offer of ten years'
confinement. Also, Applicant alleges that counsel was ineffective for failing to timely file a notice of
appeal even though Applicant repeatedly told him he wanted to appeal his conviction. 

 The trial court has entered findings of fact and conclusions of law recommending that relief
be granted. The trial court concluded that defense counsel's failure to inform Applicant about the
applicable punishment range was an omission that fell below an objective standard of reasonableness. 
See Ex parte Wilson, 724 S.W.2d 72, 73-74 (Tex. Crim. App. 1978); Ex parte Lemke, 13 S.W.3d
791,795-96 (Tex. Crim. App. 2000). The trial court recommended that the State be ordered to
reinstate its offer of ten years' confinement. Lemke at 797-798. Also, the trial court found that
Applicant was deprived of his right to appeal because counsel filed an untimely notice of appeal. The
trial court's findings are supported by the record. However, the record is incomplete because it does
not contain an affidavit from counsel in response to Applicant's allegations. In these circumstances,
additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim.
App. 1997), the trial court is the appropriate forum for findings of fact. The trial court shall provide
counsel with the opportunity to respond to Applicant's claim of ineffective assistance of counsel. The
trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). 

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney
to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law in regard to Applicant's
claim that plea was involuntary. The trial court shall make findings of fact as to whether Applicant
was denied him right to a meaningful appeal because Applicant's counsel failed to timely file a notice
of appeal. The trial court shall also make any other findings of fact and conclusions of law that it
deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be
returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 

Filed: September 26, 2007

Do not publish