

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. AP-76,483 & AP-76,484

### Ex parte ALVIN ROYCE WELLS, Applicant

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
## FROM HOOD COUNTY

KELLER, P.J., delivered the opinion of the Court in which PRICE, WOMACK, JOHNSON, KEASLER, HERVEY, COCHRAN, and ALCALA, JJ., joined. MEYERS, J., filed a concurring opinion in which KEASLER, HERVEY, and COCHRAN, JJ., joined.

In these applications for post conviction writs of habeas corpus, applicant contends that he was denied effective assistance of counsel because his trial counsel misinformed him about the terms of a plea offer made by the State. We shall grant relief.

### I. BACKGROUND

Prior to trial, counsel conveyed the State's 45-year plea offer to applicant but incorrectly told him that the offer included an affirmative deadly-weapon finding. Applicant rejected the offer, and the deadline to accept the offer passed. On the date of trial, counsel requested a continuance, explaining to the court that he had incorrectly conveyed the terms of the State's plea offer to

applicant, causing applicant to miss the deadline to accept. Counsel explained that after he realized his error and informed applicant that the offer had not included a deadly-weapon finding, applicant said, "Well, now I would like to take the plea offer, it changes things." The State clarified that the plea offer was silent as to a deadly-weapon finding, so if applicant accepted the offer, the State would still have the option to seek a deadly-weapon finding. The trial court denied applicant's motion for continuance. Applicant ultimately pled guilty to one charge of possession of a controlled substance, and one charge of unlawful possession of a firearm by a felon. The trial court sentenced him to fifty years' imprisonment. No deadly-weapon finding was made.

Applicant now contends that he was denied effective assistance of counsel during the plea bargaining process. He argues that counsel was deficient for incorrectly conveying the terms of the State's plea offer and that, but for counsel's error, applicant more than likely would have accepted the offer. He claims that he was harmed both by the five-year increase in his sentences and by the resulting loss of certain privileges in prison. The trial court recommended that applicant's claim be denied. We filed and set this case to determine whether counsel's incorrect advice amounted to the failure to convey a plea offer and, if so, what the remedy should be. Subsequently, the State conceded that applicant's counsel was ineffective and joined applicant in requesting reinstatement of the original 45-year plea offer.

## II. ANALYSIS

### A. *Strickland* Test

A defendant is entitled to effective assistance of counsel during the plea bargaining process.[1] To establish a claim for ineffective assistance of counsel, the defendant must satisfy the two-pronged

---

[1] *Ex parte Wilson*, 724 S.W.2d 72, 73 (Tex. Crim. App. 1987).

test articulated in *Strickland v. Washington*.[2] First, he must prove that counsel's performance was deficient.[3] This requires showing that counsel's representation fell below an objective standard of reasonableness.[4] Second, he must prove that this deficient performance resulted in prejudice to the defense.[5] This requires showing a reasonable probability that, but for counsel's deficient performance, the outcome of the proceeding would have been different.[6]

## B. Deficient Performance

We have held that the complete failure of counsel to inform a criminal defendant of plea offers made by the State is an omission that falls below an objective standard of reasonableness.[7] While the decision to accept or reject a plea offer belongs to the defendant, plea discussions are generally held outside the defendant's presence.[8] Counsel thus has a duty to communicate the substance of the discussions to the defendant so that plea decisions are made only after the defendant

---

[2] *Strickland v. Washington*, 466 U.S. 668 (1984); *Hill v. Lockhart*, 474 U.S. 52 (1985) (holding that the *Strickland* test applies to ineffective-assistance claims arising out of the plea process); *Hernandez v. State*, 726 S.W.2d 53 (Tex. Crim. App. 1986) (adopting the *Strickland* test in Texas).

[3] *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).

[4] *Id*.

[5] *Id*.

[6] *Id*.

[7] *Wilson*, 724 S.W.2d at 74; *see also United States ex rel. Caruso v. Zelinsky*, 689 F.2d 435, 438 (3rd Cir. 1982) (holding that failure of counsel to communicate a plea offer to defendant constituted a "gross deviation from accepted professional standards").

[8] *Wilson*, 724 S.W.2d at 73-74.

has been informed of all relevant considerations.[9]  Failing to meet this duty constitutes deficient performance.[10]

If the failure to convey a plea offer can constitute deficient performance, it follows that counsel may act deficiently in giving the defendant inaccurate information about the plea offer's terms.  One Texas court found deficient performance where counsel failed to inform the defendant that a plea offer had a firm deadline.[11]  Another found deficient performance where counsel failed to explain to the defendant the meaning of the State's deferred-adjudication offer.[12]

In this case, applicant depended on counsel to accurately communicate the substance of the State's 45-year plea offer to him so that he could make an informed decision as to whether to accept or reject it.  Although counsel did convey the State's plea offer to applicant, the information as to a deadly-weapon finding was incorrect.  This constituted deficient performance and satisfies the first prong of the *Strickland* test.

## C. Prejudice

We have held that a defendant suffers prejudice when his counsel's deficient performance

---

[9]  *Id*.

[10]  *Id*. at 74.

[11]  *Turner v. State*, 49 S.W.3d 461, 465 (Tex. App. – Fort Worth 2001, pet. dism'd) (holding that the failure of counsel to promptly inform a client of a deadline expressly attached to a plea offer fell below an objective standard of reasonableness).

[12]  *State v. Williams*, 83 S.W.3d 371 (Tex. App. – Corpus Christi 2002, no pet.) (holding that counsel's duty to defendant extends to fully explaining any plea offers in order to help defendant make an informed decision, and failure to do so was, in effect, indistinguishable from a failure to inform defendant about the offer at all).

deprives him of the opportunity to accept a plea offer that he would have otherwise accepted.[13] Prejudice has been found where counsel completely failed to convey a plea offer and the defendant later stated that he would have accepted the offer had he known about it.[14] Prejudice has also been found where counsel conveyed a plea offer, but failed to explain its terms, and the defendant later stated that he would have accepted the offer if counsel had explained it to him.[15] Applicant's decision to reject the plea offer in this case was based on erroneous information, and by the time the correct terms of the offer were conveyed, it was too late to accept.

In his applications for writs of habeas corpus, applicant argues that he rejected the State's 45-year plea offer based on counsel's misrepresentations. At trial, counsel stated that applicant had wanted to accept the plea offer once he learned the correct terms. Counsel admitted to his error, saying, "Judge, because of my misinformation to my client, I have caused him to miss the deadline for accepting the plea offer." Applicant has sufficiently shown that counsel's error deprived him of the opportunity to accept a plea offer that he would have otherwise accepted. Applicant has suffered prejudice from counsel's deficient performance and has therefore met the second prong of the *Strickland test.*

## D. Remedy

---

[13] *Ex parte Lemke*, 13 S.W.3d 791, 796 (Tex. Crim. App. 2000); *Ex parte Wilson*, 724 S.W.2d at 74.

[14] *Lemke*, 13 S.W.3d at 796-97 (finding prejudice where counsel failed to convey two plea offers to the defendant, and defendant stated he would have accepted either offer if they had been communicated to him); *Wilson*, 724 S.W.2d at 74 (finding prejudice where a defendant with a life sentence stated he would have agreed to the State's 13-year plea offer if it had been conveyed to him by counsel).

[15] *Williams*, 83 S.W.3d at 375 (holding the trial court did not abuse its discretion in finding prejudice where counsel failed to explain a plea offer to defendant).

Where a defendant has been deprived of effective assistance of counsel, the remedy should be tailored to the injury suffered from the constitutional violation and should not unnecessarily infringe on competing interests.[16] The remedy should put a defendant back in the position he would have been in if the violation had not occurred.[17] Where ineffective assistance of counsel deprives a defendant of the opportunity to accept a plea offer, we have held that putting him in the position he was in prior to the violation requires reinstating the original offer.[18]

Relief is granted. The judgments in Cause Nos. W10815-1 and W10816-1 in the 355th Judicial District Court of Hood County are set aside, applicant is remanded to the custody of the Sheriff of Hood County to answer the charges against him, and the State is ordered to reinstate its 45-year plea offer.[19] The trial court shall issue any necessary bench warrant within 10 days after the mandate of this Court issues.

Delivered: November 9, 2011
Do not publish

---

[16] *United States v. Morrison*, 449 U.S. 361, 364 (1981).

[17] *Lemke*, 13 S.W.3d at 797.

[18] *Id*. at 798; *see also Turner*, 49 S.W.3d at 471.

[19] *Id*.