NO. 07-12-0301-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

NOVEMBER 16, 2012
_____

ALMA ROSA GARZA,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 264TH DISTRICT COURT OF BELL COUNTY;

NO. 66564; HONORABLE MARTHA J. TRUDO, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Alma Rosa Garza was convicted of theft of over $100,000 but less than $200,000 and sentenced to fourteen years confinement. She claims her trial counsel was ineffective. We affirm the judgment.

An appellant has the burden to prove that her counsel was deficient and that the deficiency caused prejudice. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Smith v. State,* 286 S.W.3d 333, 340 (Tex. Crim. App. 2009). Moreover, she must do so by a preponderance of the evidence, *Thompson v.*

*State,* 9 S.W.3d 808, 812 (Tex. Crim. App. 1999), and there is a strong presumption that counsel's conduct falls within a wide range of reasonably professional assistance. *Robertson v. State,* 187 S.W.3d 475, 482-83 (Tex. Crim. App. 2006). Additionally, a defendant is entitled to effective assistance of counsel during the plea bargaining process. *Ex parte Wilson*, 724 S.W.2d 72, 73 (Tex. Crim. App. 1987). That right obligates counsel to convey any plea offer in a manner that enables his client to make an informed decision. *Id.* at 74. However, it must be remembered that the authority to accept or reject a plea offer ultimately resides with the accused, even if counsel does not like the decision. *Id.*

Here, appellant filed a motion for new trial raising the issue of the effectiveness of counsel. A hearing was held on the motion, after which the court denied the motion.

Appellant now argues that her trial counsel failed "to fully explain that a plea of guilty" and one of nolo contendere "have the same legal effect." Thus, "[b]ased upon that deficient advice, [she] entered a plea of no contest . . . without a plea bargain which resulted in a sentence of fourteen (14) years rather than a plea of guilty with a plea bargain of community supervision with a finding of guilt being deferred for a period of ten . . . years." We overrule the issue.

The evidence of record illustrates that appellant was offered a plea bargain of ten years deferred adjudication if she plead guilty. However, if she opted to plead nolo contendere (as she apparently desired to avoid whatever affect a theft conviction would have on subsequent employment efforts), there would be no agreement as to punishment. Instead, her plea would be considered "open." Appellant's counsel discussed the alternatives with his client for an hour or more. He also 1) explained to

her "the danger of [an] open plea as opposed to a sure thing of deferred adjudication," 2) afforded her the opportunity to ask questions, and 3) thought she understood the situation. But, counsel did concede he did not expressly tell her that a "plea of no contest was like pleading guilty."

Before the plea was accepted, appellant affirmed that she was pleading no contest "freely and voluntarily." So too did she state that she understood that 1) there was no plea bargain as to "time, probation, straight probation, deferred adjudication or anything else," 2) "the Court could in fact sentence [her] to time in the penitentiary," and 3) she had no recourse if the judge sentenced her to prison. Despite this information, she persisted in entering a plea of nolo contendere, which plea resulted in a fourteen-year prison sentence.

Appellant cites us to no authority imposing a duty upon counsel to expressly inform a client wanting to plea nolo contendere that such a plea has the same legal effect as a guilty plea. Admittedly, one could argue that the absence of such knowledge may be one of many factors to consider when assessing whether a defendant's decision to plead guilty was knowing and voluntary or whether trial counsel sufficiently assisted his client in making an intelligent decision. Yet, appellant never testified that she would have accepted the plea bargain offered had she been told that a guilty plea and a nolo plea had the same legal effect. Nor can it be said that knowing the possibility of her being sentenced to prison was somehow denied her. Indeed, counsel discussed the "dangers" of pleading nolo contendere with her while the trial court admonished her that she could still be sentenced to prison without recourse. And, when these circumstances

are considered, we cannot say that the trial court erred in rejecting the allegation that counsel denied her effective assistance.

Instead, one can logically deduce from the record that appellant did not want to suffer a finding of guilt, attempted to avoid such a finding by pleading nolo contendere, knew the "dangers" of such a plea and that it could still result in a prison term, intentionally rejected an offer of community supervision to avoid pleading guilty, and opted to roll the dice by engaging in an open plea. That is not the stuff depicting ineffective assistance of counsel, but rather evidence of a knowing decision coupled with an undesirable result.

In sum, there is sufficient evidence of record upon which the trial court could conclude that the actions of trial counsel were not ineffective.

Accordingly, the judgment is affirmed.


Brian Quinn
Chief Justice


Do not publish.