WR-41,625-03

41,625-02,03

RECEIVED IN
COURT OF CRIMINAL APPEALS

JUN 08 2015

Abel Acosta, Clerk

TEXAS COURT OF CRIMINAL APPEALS

Ex parte

Lamont Earl Epinger

In the 204 Judicial

District Court

Dallas County, Texas

Re: W93-31914-Q(B)

APPLICANT'S OBJECTION TO THE STATE'S ORDER

To the Honorable Judge of said court:

Now comes Applicant Lamont Earl Epinger pro se, by way of objection to the State's order finding no controverted, previously, unrelolved factual issues requiring a hearing for the following reasons.

(1) The State's order under writ no. W93-31914Q(A) and no. W93-21553Q(B) failed to base its denial on the standards set out in the doctrine of Laches or the Common-Law doctrine of Laches due to the lapse of time. As alleged by the respondent in its original answer, which Applicant asserts that such findings is contrary in the light of ex parte Alberto 398 S.W.3d. 206 (Tex. Crim. App. 2013) becasue the State has failed under the Texas Common-Law of Laches which typically requires proof by a preponderance of the eviddnec of two elements: unreasonable delay by the opposing party and prejudice resulting from the delay whcih the respondent in its original answer only made an outcry and by no means meet the two elements under the Texas Common-Law doctrine as set out in ex parte Alberto 398 S.W.3d. 206 (Tex. Crim. App. 2013). Therefore, it would be both unreasonable in the light of the facts asserted by the respondent in its original answer and contrary to the holding in ex parte Alberto, to adopt these findings.

(2) Applicant further asserts that Aplicant has made and supported a strong convincing showing of actual innocence in the light of McQuiggens v. Perkins 133 Sct. 1924 (2013) to overcome limitation Id at 1934-35. Also in light of Bunsley v. U.S. 118 sct. 1604 (1998); Schlup v. Delo 513 U.S. 296, 327-27 115 Sct. 851. 130 L.Ed.2d. 808 (1995) based on a mis-statement of Law which Applicant alleges that he was truly prejudiced by an admonishment by the court that if he was sentenced and convicted by the court he would serve no less than 2 yrs. and no more than 30 yrs. whcih Applicant asserts that such admonishment led Applicant believe the Judge would only sentence him to 2 to 30 yrs. when in fact he faced

(1)

5 to 99 years to life therefore rendering Applicants unknowingly and involuntary. Mitschke v. State 129 S.W.3d. at 136 (Tex. Crim. App. 2004). However the court allege that such admonishment was correct and admonishments on parole eligibility which Applicant asserts, is unreasonable becaude during such admonishment the State never made any reference to what the admonishment pertained to. Therefore Applicant was truly misled and harmed by the mis-statement of Law.

(3) Applicant further asserts that he has made and supported the allegations that hsi trial counsel providedc Applicant with erroneous advice in regards to his selection to punishment before the court was best from the court in an attempt to receive or have any chance at the relieving probation for the offenses of aggravated robbery with the use of a deadly weapon as supported with new discovered evidence that was attached in Applicant attached exhbit (1) which was a letter from trial counsel reflecting such erroneous advice, because the trial court was barred from placing Applicant on probation due to the involement of a deadly weapon as set out in ex parte Battle 817 S.W.2d. 81 (Tex. Crim. App. 1991) and Tex. Code Crim. Proc. Art. 42.12 §3g(A)(2) therefore rendering Applicant's plea involuntary in lightof ex parte Wilson 724 S.W.2d. 72. 73 (Tex. Crim. App. 1957) and counsel advice erroneous in as set out in Hill v. Lockhart 474 U.S. 52. 106 Sct. 366. 369. 88 L.Ed. 2d. 203 (1985).

(4) Applicant asserts taht the State has committed a reversable error in light of ex parte Jones 367 S.W.3d. 696 (Tex. Crim. App. 2012) because it failed to enter a facts finding and conclusion of Law address Applicant's allegations.

Applicant further asserts that it would be unreasonable and contrary to ex parte Adams 768 S.W.2d. 281 (Tex. Crim. App.) for the T.C.C.P. to adopt the order of the trial court. Also Applicant should also be allowed to overcome Tex. Code Crim. Proc. Art. 11.07 4(A) in the light of Bousley v. U.S./McQuiggens v. Perkins. Such denial would be contrary to above cited case aw.

Prayer

Applicant pray that the court would issue an order on remand for the State Cort to make a finding of fact and conclusion of law addressing all Applicant's allegations.

CERTIFICATE OF SERVICE

I, Lamont Earl Epinger, T.D.C.J.-ID #674574, being presently incarcerated in the institutional Division of the Texas Department of Criminal Justice, declare under penalty of

(2)

perjury that the foregoing is true and correct.

Executed on ___June 4___, 2015


                                        _Lamont Earl Epinger_
                                        Lamont Earl Epinger
                                        #674574
                                        French Robertson Unit
                                        12071 FM 3522
                                        Abilene, Texas 79601

(3)

WR -41,625-02

Ex parte                                                    In the 204 Judicial

Lamont Earl Epinger                                        District Court

                                                           Dallas County, Texas

                                                           Re: W93-21553-Q(A)


APPLICANT'S OBJECTION TO THE STATE'S ORDER


To the Honorable Judge of said court:

Now comes Applicant Lamont Earl Epinger pro se, by way of objection to the State's order finding no controverted, previously, unrelolved factual issues requiring a hearing for the following reasons.

(1) The State's order under writ no. W93-31914Q(A) and no. W93-21553Q(B) failed to base its denial on the standards set out in the doctrine of Laches or the Common-Law doctrine of Laches due to the lapse of time. As alleged by the respondent in its original answer, which Applicant asserts that such findings is contrary in the light of ex parte Alberto 398 S.W.3d. 206 (Tex. Crim. App. 2013) becasue the State has failed under the Texas Common-Law of Laches which typically requires proof by a preponderance of the eviddnec of two elements: unreasonable delay by the opposing party and prejudice resulting from the delay whcih the respondent in its original answer only made an outcry and by no means meet the two elements under the Texas Common-Law doctrine as set out in ex parte Alberto 398 S.W.3d. 206 (Tex. Crim. App. 2013). Therefore, it would be both unreasonable in the light of the facts asserted by the respondent in its original answer and contrary to the holding in ex parte Alberto, to adopt these findings.

(2) Applicant further asserts that Aplicant has made and supported a strong convincing showing of actual innocence in the light of McQuiggens v. Perkins 133 Sct. 1924 (2013) to overcome limitation Id at 1934-35. Also in light of Bunsley v. U.S. 118 sct. 1604 (1998); Schlup v. Delo 513 U.S. 296, 327-27 115 Sct. 851. 130 L.Ed.2d. 808 (1995) based on a misstatement of Law which Applicant alleges that he was truly prejudiced by an admonishment by the court that if he was sentenced and convicted by the court he would serve no less than 2 yrs. and no more than 30 yrs. whcih Applicant asserts that such admonishment led Applicant believe the Judge would only sentence him to 2 to 30 yrs. when in fact he faced

(1)

5 to 99 years to life therefore rendering Applicants unknowingly and involuntary. Mitschke v. State 129 S.W.3d. at 136 (Tex. Crim. App. 2004). However the court allege that such admonishment was correct and admonishments on parole eligibility which Applicant asserts, is unreasonable becaude during such admonishment the State never made any reference to what the admonishment pertained to. Therefore Applicant was truly misled and harmed by the misstatement of Law.

(3) Applicant further asserts that he has made and supported the allegations that hsi trial counsel providedc Applicant with erroneous advice in regards to his selection to punishment before the court was best from the court in an attempt to receive or have any chance at the relieving probation for the offenses of aggravated robbery with the use of a deadly weapon as supported with new discovered evidence that was attached in Applicant attached exhbit (1) which was a letter from trial counsel reflecting such erroneous advice, because the trial court was barred from placing Applicant on probation due to the involement of a deadly weapon as set out in ex parte Battle 817 S.W.2d. 81 (Tex. Crim. App. 1991) and Tex. Code Crim. Proc. Art. 42.12 §3g(A)(2) therefore rendering Applicant's plea involuntary in lightof ex parte Wilson 724 S.W.2d. 72. 73 (Tex. Crim. App. 1957) and counsel advice erroneous in as set out in Hill v. Lockhart 474 U.S. 52. 106 Sct. 366. 369. 88 L.Ed. 2d. 203 (1985).

(4) Applicant asserts taht the State has committed a reversable error in light of ex parte Jones 367 S.W.3d. 696 (Tex. Crim. App. 2012) because it failed to enter a facts finding and conclusion of Law address Applicant's allegations.

Applicant further asserts that it would be unreasonable and contrary to ex parte Adams 768 S.W.2d. 281 (Tex. Crim. App.) for the T.C.C.P. to adopt the order of the trial court. Also Applicant should also be allowed to overcome Tex. Code Crim. Proc. Art. 11.07 4(A) in the light of Bousley v. U.S./McQuiggens v. Perkins. Such denial would be contrary to above cited case aw.

Prayer

Applicant pray that the court would issue an order on remand for the State Cort to make a finding of fact and conclusion of law addressing all Applicant's allegations.

CERTIFICATE OF SERVICE

I, Lamont Earl Epinger, T.D.C.J.-ID #674574, being presently incarcerated in the institutional Division of the Texas Department of Criminal Justice, declare under penalty of

(2)

perjury that the foregoing is true and correct.

Executed on ___June 4___, 2015

Lamont Earl Epinger
#674574
French Robertson Unit
12071 FM 3522
Abilene, Texas 79601

(3)