**Affirmed and Memorandum Opinion filed November 14, 2023.**



**In The**

# Fourteenth Court of Appeals

---

**NO. 14-22-00649-CR**

---

**JASON COLBY ROSS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 56th District Court**
**Galveston County, Texas**
**Trial Court Cause No. 20-CR-0818**

---

## M E M O R A N D U M   O P I N I O N

Appellant Jason Colby Ross was charged with the felony offense of driving while intoxicated, third or more. *See* Tex. Penal Code Ann. §§ 49.04, 49.09(b). Appellant pleaded guilty to the offense and, after a punishment hearing, was sentenced to 10 years' confinement. Appellant appeals and asserts he received ineffective assistance of counsel with respect to the sufficiency of communications regarding a plea bargain offered by the State. For the reasons below, we affirm.

BACKGROUND

After Appellant was arrested and charged with the above-described offense, the State made a plea bargain offer to Appellant of four years' confinement in exchange for a guilty plea. On July 18, 2021, Appellant retained attorney Scott Shearer to represent him, replacing Appellant's prior counsel. At the time Shearer was retained, the State's four-year offer was still on the table.

Shearer filed a motion to suppress evidence in December 2021. Approximately five months later, the State's prosecutor emailed Shearer and told him that the State's four-year plea bargain offer would be revoked if Appellant moved forward with the motion to suppress.

On July 20, 2022, the prosecutor withdrew the State's four-year offer. Appellant proceeded to a punishment hearing before the trial court. After hearing testimony from several witnesses, the trial court assessed punishment at 10 years' confinement.

Appellant filed a motion for new trial alleging ineffective assistance of counsel with respect to the sufficiency of Shearer's communications regarding the State's four-year plea bargain offer. According to Appellant, Shearer failed to inform him that withdrawal of the motion to suppress had become an express term of the offer. This failure, Appellant alleged, prevented him from accurately evaluating the four-year offer and constituted objectively deficient representation.

The trial court held a hearing on Appellant's new trial motion, at which Shearer testified. Shearer said he was retained by Appellant in July 2021 to represent Appellant with respect to his charge for driving while intoxicated. According to Shearer, Appellant "was very unhappy with his previous attorney because [the attorney] had not prepared the case for trial [and] hadn't filed any

motions."

Shearer said he was aware of the State's outstanding four-year plea bargain offer when he took over Appellant's case. Shearer said there were no conditions attached to the offer nor were there any expiration dates at this time.

Shearer testified that he told Appellant he would file a motion to suppress and "explain[ed] exactly what a motion to suppress was." Shearer said he based this initial assessment on Appellant's version of events and thought Appellant "had a pretty good motion to suppress." But Shearer said he then "looked at this police report and the videotape and determined that what [Appellant] was saying was completely inaccurate." Shearer said he nonetheless filed a motion to suppress.

According to Shearer, during his representation of Appellant, they primarily communicated face-to-face and met together approximately 12-15 times. Shearer said he and Appellant also communicated via text message. Admitted into evidence were multiple text messages between Shearer and Appellant discussing the progression of Appellant's case.

Reviewing the text messages, Shearer said in January 2022 the four-year plea bargain offer was still available but Appellant was reluctant to accept the offer and did not want to go to prison. Shearer acknowledged receiving an email from the State's prosecutor in May 2022 informing him that, "if [Appellant] move[d] forward with the motion to suppress," the four-year offer would be unavailable. Shearer said the prosecutor did not give him a "specific date" that the plea bargain offer would expire. The prosecutor also expressed that the four-year offer was "charitable" but said she would "honor it because it was made by a previous ADA."

According to Shearer, he screen-shotted the prosecutor's email and sent it to

3

Appellant. In response, Appellant replied: "well, there's a new DA. What is the offer? Can you get it down to three?" Shearer said that he "communicate[d] to [Appellant] that if [they] . . . moved forward with the motion to suppress the four TDC was going to be off the table."

Defense counsel asked Shearer whether he responded to the prosecutor to inquire as to "the contours of her conditions" or the specific date on which the motion to suppress needed to be "withdrawn." In response, Shearer said: "There was no point in withdrawing [the motion] because it hadn't been presented. It was just on file." Continuing on, Shearer testified that, "[i]f [he] proceeded with and presented the motion to suppress to the court, the four years would be off the table. But [he] had not presented the motion to suppress." Shearer said he equated the prosecutor's use of "moving forward" with "presenting the motion," which he had not done. Shearer testified that he "wasn't going to proceed with a motion to suppress if [Appellant] took the four years. So [he] had to get an answer from [Appellant] first as to whether [Appellant] could accept the four years."

Defense counsel asked Shearer to further describe his conversations with Appellant regarding the four-year plea bargain offer, to which Shearer replied:

> Several times — I had numerous discussions with [Appellant] and I expressed to him how I thought the case was a bad case. And he never recognized it was a bad case. [Appellant] asked me to get the case dismissed. Then he asked me to get him into drug counseling. Finally three quarters of the way through the year he finally said: Well, I'll take two.
>
> And I said: Well, I talked to them, and they're not going to agree to two. And then a couple of months would go by and he said: Well, I'll take three. And then I talked to the DA and offered three, and they turned me down on the three. And then finally at one point, I think it was in June, he begrudgingly said: Well, I guess I'll just take the four years.

4

And then I asked him: Do you want me to tell the DA that you'd take the four years? And he said: No, I want to talk about it with my family first. I said: Okay, but this deal is not going to last forever. And then on 7/19 I texted him. I said: I need to know something right away, and he turned me down again.

In sum, Shearer said Appellant "never during my entire representation ever told me that he wanted to take the four years." Shearer stated that Appellant "did not want to accept any plea bargain involving more than two or three years."

According to Shearer, the State did not inform him "in any form or fashion that the four years wasn't still on the table" until July 20, 2022. After that point, Shearer said he told Appellant the offer was unavailable because Appellant "waited too long to accept the offer." After the offer was revoked, Shearer said he moved forward and presented Appellant's motion to suppress on July 27, 2022.

At the new trial hearing, Appellant also offered three affidavits into evidence:

- <u>Jerry Armstrong's Affidavit</u>: Armstrong said he has known Appellant for approximately 20 years and was present during conversations between Appellant and Shearer in which Appellant's case was discussed. According to Armstrong, Appellant was adamant about not going to trial and "would take the 4 years if it came down to it." Armstrong said Appellant told Shearer "many times to take the 4 years." Armstrong said he never heard "anything about any deals that had anything to do with withdrawing [a] motion to suppress."

- <u>Melissa Gerhart's Affidavit</u>: Gerhart said she was present during discussions between Appellant and Shearer during which they "all discussed about [Appellant] taking the 4 year plea."

- <u>Appellant's Affidavit</u>: Appellant stated that he retained Shearer in October 2021 and, at that time, was aware there was an outstanding four-year plea bargain offer. Appellant said he did not know that there were conditions attached to the offer or an expiration date. According to Appellant, he told Shearer he wanted to accept the four-year offer. Appellant said that Shearer "agreed and said okay.

5

[Shearer] didn't then, and had never before, told me the offer had or could expire, and he never mentioned or said the plea bargain offer of 4 TDC was conditioned or had conditions attached in any way." Appellant said the next time he discussed his case with Shearer, he was told they were going to trial.

The trial court signed an order on October 5, 2022, denying Appellant's motion for new trial. Appellant timely appealed.

## ANALYSIS

In a single issue on appeal, Appellant asserts Shearer was ineffective for "failing to communicate to Appellant a deadline that had become an essential term of the State's plea bargain offer." Therefore, Appellant contends, the trial court erred in denying his motion for new trial.

When a defendant asserts ineffective assistance of counsel in a motion for new trial, we review the trial court's denial of the motion for an abuse of discretion. *Parker v. State*, 462 S.W.3d 559, 562 (Tex. App.—Houston [14th Dist.] 2015, no pet.). A trial court abuses its discretion when its decision is so clearly wrong as to lie outside the zone of reasonable disagreement. *Webb v. State*, 232 S.W.3d 109, 122 (Tex. Crim. App. 2007). We view the evidence in the light most favorable to the ruling and reverse only if no reasonable view of the record could support the ruling. *Parker*, 462 S.W.3d at 562.

It is well-established that a criminal defendant is entitled to effective assistance of counsel during the plea-bargaining process. *See Ex parte Wilson*, 724 S.W.2d 72, 73 (Tex. Crim. App. 1987) (en banc); *Walker v. State*, 651 S.W.3d 7, 12 (Tex. App.—Houston [14th Dist.] 2020, pet. dism'd) (per curiam). To prove ineffective assistance of counsel, the appellant must show (1) trial counsel's representation fell below an objective standard of reasonableness, based on prevailing professional norms; and (2) there is a reasonable probability that the

result of the proceeding would have been different but for trial counsel's deficient performance. *Strickland v. Washington*, 466 U.S. 668, 686 (1984); *Sykes v. State*, 586 S.W.3d 522, 530 (Tex. App.—Houston [14th Dist.] 2019, pet. ref'd).

To determine whether counsel's performance was objectively deficient under the first *Strickland* prong, we look to the totality of the representation and the particular circumstances of the case. *Ex parte Jimenez*, 364 S.W.3d 866, 883 (Tex. Crim. App. 2012). We indulge a strong presumption that counsel rendered adequate assistance and acted in furtherance of sound trial strategy. *Strickland*, 466 U.S. at 689; *Jimenez*, 364 S.W.3d at 883. To overcome the presumption of reasonable professional assistance, an allegation of ineffective assistance must be firmly rooted in the record. *Salinas v. State*, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005).

As relevant here, "reasonable professional assistance" requires that counsel convey plea offers to the defendant and give the defendant the benefit of counsel's professional advice on the decision of whether to plead guilty. *Walker*, 651 S.W.3d at 13. This includes advising the defendant of any deadlines that are an essential term of the plea offer. *See Turner v. State*, 49 S.W.3d 461, 465 (Tex. App.—Fort Worth 2001, pet. dism'd).

To establish prejudice in a claim of ineffective assistance of counsel in which a defendant rejects a plea offer because of bad legal advice, the defendant must show a reasonable probability that: (1) he would have accepted the earlier offer if counsel had not given ineffective assistance; (2) the State would not have withdrawn the offer; and (3) the trial court would not have refused to accept the plea bargain. *Ex parte Argent*, 393 S.W.3d 781, 784 (Tex. Crim. App. 2013).

Here, we conclude the trial court did not abuse its discretion in denying Appellant's motion for new trial alleging ineffective assistance of counsel.

7

Specifically, the record does not show a "firmly rooted" allegation of ineffective assistance with respect to Appellant's and Shearer's communications regarding the four-year plea bargain offer or any terms attached thereto. *See Salinas*, 163 S.W.3d at 740.

Shearer said he took over Appellant's representation in July 2021, at which time the four-year plea bargain offer was available. Shearer said Appellant was still unwilling to accept the four-year offer six months later. In May 2022 (approximately 10 months after Shearer took over Appellant's representation), Shearer received an email from the State's prosecutor informing him that (1) the four-year offer was "charitable" but would be honored nonetheless, and (2) the offer would be unavailable "if [Appellant] move[d] forward with the motion to suppress."

Shearer testified that he forwarded the email to Appellant via text message; these text messages were admitted into evidence. Shearer said he "communicate[d] to [Appellant] that if [they] . . . moved forward with the motion to suppress the four TDC was going to be off the table."

Recounting his plea discussions with Appellant, Shearer said Appellant was continually reluctant to take the four-year offer and instead requested that Shearer secure a better plea offer or get the charges dismissed. In June 2022, Shearer said Appellant "begrudgingly" agreed to take the four-year offer but "want[ed] to talk about it with [his] family first." Shearer said he then texted appellant on July 17, 2022, in a "last ditch effort," telling Appellant he "need[ed] to know as soon as possible" if Appellant wanted to take the four-year offer. Shearer said Appellant "turned [him] down again."

The State withdrew the plea bargain offer the following day. Shearer said he did not know until this day that the offer was unavailable. Shearer acknowledged

that the prosecutor informed him the four-year offer would be off the table if he "moved forward" with the motion to suppress. Shearer testified that he did not violate this condition because he "had not presented the motion to suppress." According to Shearer, he "wasn't going to proceed with a motion to suppress if [Appellant] took the four years. So [he] had to get an answer from [Appellant] first as to whether [Appellant] could accept the four years."

Considered in the light most favorable to the trial court's ruling (*Parker*, 462 S.W.3d at 562), this evidence supports the conclusion that Shearer conveyed the plea bargain offer to Appellant, including the necessary details regarding what would trigger its revocation. Moreover, the evidence also shows that Shearer communicated with Appellant for approximately one year regarding whether Appellant would accept the four-year offer and repeatedly asked Appellant for his decision. Because the record before us contains some evidence that Shearer informed Appellant about the State's offer and any conditions applicable to that offer, Appellant has failed to demonstrate Shearer's representation was deficient. Therefore, Appellant has failed to satisfy the first prong of the *Strickland* test. *See Strickland*, 466 U.S. at 689.

On appeal, Appellant points to the evidence he presented at the new trial hearing suggesting that he was unaware the four-year offer was conditioned on withdrawal of the motion to suppress. But this evidence was contradicted by Shearer's testimony and the text message exhibits showing that Shearer forwarded the prosecutor's May 2022 email to Appellant. Because the trial court's resolution of this conflict is neither arbitrary nor unreasonable, we defer to its resolution. *See Webb*, 232 S.W.3d at 122.

We overrule Appellant's sole issue on appeal.

9

## CONCLUSION

We affirm the trial court's judgment.

/s/    Meagan Hassan
Justice

Panel consists of Chief Justice Christopher and Justices Bourliot and Hassan.

Do Not Publish — Tex. R. App. P. 47.2(b).