ACCEPTED
03-14-00528-CR
6327823
THIRD COURT OF APPEALS
AUSTIN, TEXAS
8/3/2015 12:24:00 PM
JEFFREY D. KYLE
CLERK

No. 03-14-00528-CR

In the
Court of Appeals for the Third District of Texas
at Austin

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
8/3/2015 12:24:00 PM
JEFFREY D. KYLE
Clerk

_____

No. 12-0465-K277
In the 368th Judicial District Court
Williamson County, Texas

_____

JAMES ALAN WEATHERFORD
*Appellant*
v.
THE STATE OF TEXAS
*Appellee*

_____

STATE'S BRIEF IN RESPONSE TO APPELLANT'S PRO SE BRIEF

_____

Jana Duty
District Attorney
Williamson County, Texas

John C. Prezas
State Bar No: 24041722
Assistant District Attorney
405 Martin Luther King, Box 1
Georgetown, Texas 78626
(512) 943-1234
(512) 943-1255 (fax)
jprezas@wilco.org

## IDENTIFICATION OF THE PARTIES

Pursuant to Texas Rule of Appellate Procedure 38.2(a)(1)(A), a complete list of the names of all interested parties follows:

Presiding Judge at Trial

- The Honorable Rick Kennon, 368th Judicial District Court, Williamson County, Texas.

Attorneys for the State

- Ms. Jana Duty, District Attorney for Williamson County, 405 Martin Luther King, Georgetown, Texas 78626.
- Ms. Elizabeth Whited (pretrial/trial), Former Assistant District Attorney for Williamson County, 405 Martin Luther King, Georgetown, Texas 78626.
- Mr. Danny Smith (pretrial/trial), Assistant District Attorney for Williamson County, 405 Martin Luther King, Georgetown, Texas 78626.
- Mr. John C. Prezas (appeal), Assistant District Attorney for Williamson County, 405 Martin Luther King, Georgetown, Texas 78626.
- Mr. Daniel Sakaida (appeal), Intern/Special Prosecutor/Postgraduate Fellow for the Williamson County District Attorney, 405 Martin Luther King, Georgetown, Texas 78626.

Attorneys for the Defendant

- Mr. Daniel Wannamaker (trial), Wannamaker & Assosiates, P.O. Box 2271, Austin, Texas, 787681.
- Mr. Dal Ruggles (appeal), Law Offices of Dal R. Ruggles, 1103 Nueces, Austin, Texas, 78701.

Defendant/Appellant Pro Se

- Mr. James Weatherford, TDCJ # 01953853, Middleton Unit, 13055 F.M. 3422, Abilene, Texas 79601.

# TABLE OF CONTENTS

IDENTIFICATION OF THE PARTIES ................................................................ ii

TABLE OF CONTENTS.............................................................................. iii

INDEX OF AUTHORITIES........................................................................ iv

STATEMENT OF THE CASE......................................................................1

STATEMENT OF FACTS .........................................................................1

SUMMARY OF THE ARGUMENT ............................................................3

REPLY TO ISSUE FOR REVIEW ONE.......................................................3

PRAYER..............................................................................................6

CERTIFICATE OF COMPLIANCE..............................................................7

CERTIFICATE OF SERVICE ....................................................................7

# INDEX OF AUTHORITIES

State Cases

*Delrio v. State*, 840 S.W.2d 443 (Tex. Crim. App. 1992) ....................................4, 6

*Ex parte Duffy*, 607 S.W.2d 507 (Tex. Crim. App. 1980)........................................5

*Ex parte Morrow*, 952 S.W.2d 530 (Tex. Crim. App. 1997)....................................4

*Ex parte Torres*, 943 S.W.2d 469 (Tex. Crim. App. 1997)......................................5

*Ex parte Wilson*, 724 S.W.2d 72 (Tex. Crim. App. 1987)........................................3

*Goodspeed v. State*, 187 S.W.3d 390 (Tex. Crim. App. 2005) .................................4

*Hernandez v. State*, 988 S.W.2d 770 (Tex. Crim. App. 1999)..................................3

*Jackson v. State*, 973 S.W.2d 954 (Tex. Crim. App. 1998)......................................5

*Kober v. State*, 988 S.W.2d 230 (Tex. Crim. App. 1999)........................................ 4

*Rylander v. State*, 101 S.W.3d 107 (Tex. Crim. App. 2003)....................................5

*Smith v. State*, 286 S.W.3d 333 (Tex. Crim. App. 2009) .........................................4

*Strickland v. Washington*, 466 U.S. 668 (1984) ................................................3, 4, 6

*Thompson v. State*, 9 S.W.3d 808 (Tex. Crim. App. 1999)......................................4

TO THE HONORABLE COURT OF APPEALS:

## STATEMENT OF THE CASE

Appellant pleaded guilty in an open plea to numerous counts of Possession of Child Pornography in two different cause numbers. Appellant appealed this conviction, and his appellate counsel has since filed an *Anders* brief in this case No. 12-0465-K368 asserting that there are no meritorious grounds for this appeal. Appellant himself filed a Pro Se brief on July 14, 2015 alleging that his trial counsel was constitutionally ineffective. This brief is a response to Appellant's Pro Se filing.

## STATEMENT OF FACTS

Appellant's Pro Se brief outlines a claim for ineffective assistance of counsel, and attempts to bolster that argument with allegations regarding acts and statements attributable to Appellant's trial counsel. Specifically, Appellant alleges that his attorney bullied him into entering an open guilty plea, partly by relaying to Appellant that his daughter may be called to testify and "humiliated" at a trial. Appellant also claims he was under the impression that, even after pleading guilty, the trial court judge would determine his guilt or innocence, and that he was not informed the trial would only be a punishment phase.

1

However, none of the facts asserted by Appellant have proof in the record which is now before the court. The motion for new trial, filed August 21, 2014 by appellant only claimed that the verdict was contrary to the law and the evidence. C.R. vol. 1 pp. 104-106.

Before pleading guilty, the trial court and Appellant had the following exchange:

> THE COURT: Okay. And I understand that you have decided to waive your right to a jury trial; is that right?
> THE DEFENDANT: Yes, sir, Your Honor.
> THE COURT: Okay. And, understand, I have paperwork in front of me, as well, and both of these cases indicates that you're going to enter a plea and then we're going to have a sentencing hearing in front of me?
> THE DEFENDANT: Yes, sir, Your Honor.
> THE COURT: Is that what you want to do?
> THE DEFENDANT: Yes, sir, Your Honor.
> THE COURT: Okay. So we're going to go through all these this morning. And you understand that if you enter your plea today and I accept that plea, that you can't take that back; you can't later say, "Oh, I changed my mind and I want to go to a jury trial now." Do you understand that?
> THE DEFENDANT: Yes, sir, Your Honor.

R.R. vol. 4 p. 5-6. Following this, Appellant twice in this cause number acknowledged that he understood that by pleading guilty he was waiving his right to a trial by jury, and instead moving to a punishment hearing. R.R. vol. 4 pp. 9, 11. Appellant also affirmed that he was not coerced or threatened into entering his plea of guilty. R.R. vol. 4 pp. 10, 12.

2

## SUMMARY OF THE ARGUMENT

Because Appellant's claim of ineffective assistance of trial counsel has no basis in the record on appeal, this Court should permit Dal Ruggles to withdraw as counsel and find that the appeal is indeed frivolous.

## REPLY TO INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM

Texas has adopted the *Strickland* standard for cases involving allegations of constitutionally ineffective assistance of counsel. *See Ex parte Wilson*, 724 S.W.2d 72, 73 (Tex. Crim. App. 1987); *Strickland v. Washington*, 466 U.S. 668 (1984). This standard requires that Appellant prove both i) that counsel's conduct was deficient as falling below an objective standard of reasonableness, and ii) prejudice, that there is a "reasonable probability" the result of the trial would have been different but for counsel's deficient performance. *Hernandez v. State*, 988 S.W.2d 770, 770 n.3 (Tex. Crim. App. 1999). Specifically, when a defendant is claiming ineffective assistance of counsel that has induced him to enter a plea of guilty, the Strickland standard requires the defendant to show a reasonable probability that "but for defense counsel's errors," the defendant "would not have pleaded guilty and would have insisted on going to trial." *Kober v. State*, 988

3

S.W.2d 230, 232 (Tex. Crim. App. 1999); *Ex parte Morrow*, 952 S.W.2d 530, 536 (Tex. Crim. App. 1997).

An appellate court should review the totality of an attorney's representation, and the particular circumstances of each case in evaluating such claims. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). Judicial scrutiny of trial counsel's decisions is "highly deferential," and must include a strong presumption that trial counsel made all significant decisions in the exercise of a reasonable trial strategy, and the Appellant must overcome this presumption to establish a claim of ineffective assistance of counsel. *See Delrio v. State*, 840 S.W.2d 443, 445 (Tex. Crim. App. 1992); *Strickland*, 466 U.S. at 689. A court should generally decline to find trial counsel ineffective absent an opportunity to explain his actions. *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005).

The burden for proving an ineffective assistance of counsel claim by a preponderance of the evidence rests on the Appellant, and failure to show either prong will defeat a claim. *Thompson*, 9 S.W.3d at 813; *Smith v. State*, 286 S.W.3d 333, 340 (Tex. Crim. App. 2009). Naturally then, ineffective assistance of counsel is difficult to prove on direct appeal absent a hearing, such as on a Motion for New Trial, which would provide the reviewing court with a record. Indeed, the Court of Criminal Appeals has repeatedly held that the appropriate or most preferred means by which a defendant should raise a claim of ineffective assistance of counsel is by

way of a post-conviction writ of habeas corpus. *See, e.g., Rylander v. State*, 101 S.W.3d 107, 110-11 (Tex. Crim. App. 2003); *Jackson v. State*, 973 S.W.2d 954, 957 (Tex. Crim. App. 1998); *Ex parte Torres*, 943 S.W.2d 469, 475 (Tex. Crim. App. 1997) ("in most ineffective assistance claims, a writ of habeas corpus is essential to gathering the facts necessary to adequately evaluate such claims"); *Ex parte Duffy*, 607 S.W.2d 507, 513 (Tex. Crim. App. 1980) ("Experience has taught us that in most instances where the claim of ineffective assistance of counsel is raised, the record on direct appeal is simply not in a shape, perhaps because of the very alleged ineffectiveness below, that would adequately reflect the failings of trial counsel").

In this case, Appellant has pointed to no evidence in the record to support his claims that he was coerced into pleading and did not understand the consequences. Even the Motion for New Trial filed on filed August 21, 2014 does not allege ineffective assistance of counsel, and no facts to that end were developed. *See* C.R. vol. 1 pp. 104-106. Further, the facts that are in the record indicate that Appellant was properly admonished, and that he was not being coerced into pleading. Appellant was properly admonished of the consequences of his plea of guilty on the record, and affirmed that he understood what rights he was waiving. R.R. vol. 4 p. 5-12. Contrary to Appellant's claims that he was not aware pleading guilty

5

would put the trial in a punishment phase, the Court did directly admonish Appellant multiple times to that effect prior to his plea. R.R. vol. 4 p. 5-6.

Because the record in this case does not support Appellant's claims, and the facts in the record as it currently stands would in fact tend to show the opposite, he has not disrupted the "highly deferential" strong presumption that his trial counsel acted made all significant decisions in the exercise of a reasonable trial strategy. *See Delrio*, 840 S.W.2d at 445; *Strickland*, 466 U.S. at 689. Therefore, Appellant has not met his burden to show ineffective assistance of counsel, and his claims must fail on direct appeal.

<u>PRAYER</u>

Wherefore, the State respectfully requests that this Court permit Dal Ruggles to withdraw as appellate counsel in this case and find that the appeal in this cause is indeed frivolous.

Respectfully submitted,

**Jana Duty**
District Attorney
Williamson County, Texas

 /s/ John C. Prezas
**John C. Prezas**
State Bar No: 24041722
Assistant District Attorney
405 Martin Luther King, Box 1
Georgetown, Texas  78626
(512) 943-1234
(512) 943-1255 (fax)
jprezas@wilco.org

## CERTIFICATE OF COMPLIANCE

I certify that, after allowable exclusions, the State's brief contains 1,304 words in compliance with Rule 9.4 of the Texas rules of Appellate Procedure.

 /s/ John C. Prezas
John C. Prezas

## CERTIFICATE OF SERVICE

I hereby certify that on August 8, 2013, I electronically filed the foregoing document with the clerk of the court for the Texas Court of Criminal Appeals, using the efile.txcourts.gov system.  Via that system, a "Notice of Electronic Filing" was sent to Appellee's appellate attorney of record, Dal Ruggles at dal@ruggleslaw.com. A copy was also sent by certified mail directly to Appellant, James Weatherford, TDCJ # 01953853, Middleton Unit, 13055 F.M. 3422, Abilene, Texas 79601.

 /s/ John C. Prezas
JOHN C. PREZAS

7