

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-15-00038-CR

ROBERT BRICE DAUGHERTY, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 6th District Court
Lamar County, Texas
Trial Court No. 25928

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

Even if Robert Brice Daugherty were to factually establish his claim that his trial counsel actually failed to tell him of a forty-year plea offer from the State, Daugherty must clear three other hurdles to win his appeals of his three convictions,[1] given that the sole basis of each is that his trial counsel was ineffective in allegedly failing to tell him of that offer in each case. As those hurdles have been established by the Texas Court of Criminal Appeals, for Daugherty to show prejudice from ineffective assistance of his trial counsel, Daugherty

> must show a reasonable probability that: (1) he would have accepted the . . . offer if counsel had not given ineffective assistance; (2) the prosecution would not have withdrawn the offer; and (3) the trial court would not have refused to accept the plea bargain.

*Ex parte Argent*, 393 S.W.3d 781, 784 (Tex. Crim. App. 2013). Because Daugherty has not, on this record, made any of the three showings, we affirm the judgment of the trial court.

According to the record, Daugherty was appointed an attorney in July 2014. He was indicted in the three cases in August and September 2014. On August 8, 2014, the State emailed Daugherty's attorney, describing two of the alleged offenses. The State made an initial offer of a recommendation of fifty years' confinement on those two cases, which would include a finding

---

[1]The indictment in this case alleged two prior felony convictions; with the drug-free zone allegation and the two alleged enhancing prior convictions, Daugherty faced a sentence of not less than thirty years and not more than ninety-nine years or life. *See* TEX. PENAL CODE ANN. § 12.42(d) (West Supp. 2014); TEX. HEALTH & SAFETY CODE ANN. § 481.112(d) (West 2010), § 481.134(c) (West Supp. 2014). The trial court's judgment adjudges Daugherty guilty of, and sentences him to life imprisonment for, possession, in a drug-free zone, of four or more grams but less than 200 grams of methamphetamine, with the intent to deliver. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(d), § 481.134 (West Supp. 2014).

The two other convictions were for (A) delivery of four or more but less than 200 grams of methamphetamine (trial court cause number 25958, addressed on even date herewith in our opinion in cause number 06-15-00039-CR), and (B) possession with intent to deliver four or more but less than 200 grams of methamphetamine (trial court cause number 25886, addressed on even date herewith in our opinion in cause number 06-15-00040-CR). Both of the other cases involve two enhancements. All sentences are set to run concurrently.

that the offenses occurred in drug-free zones.  The prosecution added to the offer, "[A]nd if [Daugherty] drops the motion for an examining trial and works to resolve this case [sic] quickly, I'll consider a counteroffer."  Beneath the prosecutor's message was hand-written the following:

(8-11-14)
Counter:
15 without DFZ

Then, there appears what seems to be Daugherty's signature, and below that,

Drop traffic Case, Drop Bond to $10,000

Finally, there is another signature which appears to be Daugherty's.

On August 29, the prosecutor emailed to tell Daugherty's attorney of a third case, not yet indicted.  This second email said that, if Daugherty would plead guilty to two of the cases, the State would continue to recommend the earlier fifty-year sentence and not file the third case; Daugherty would have to plead guilty to the three drug cases, plead true to the enhancement allegations, and accept a drug-free-zone finding on each case.  This offer was good only until September 10, 2014; after that, there would "be no offer for" Daugherty.

Daugherty's counsel moved to withdraw on November 7, having discovered a possible conflict of interest.  At that hearing, the State summarized plea offers it had made, including the fifty-year offer mentioned above and an offer of forty years.  The prosecutor told the trial court both offers had been declined; she would make new plea offers to Daugherty's new attorney, "but the original offers that were made [we]re not going to be re-offered."  When told by the trial court that the State did not even have to make a plea offer, Daugherty said,

I understand that, and -- and I know that at some point there was some mention of . . . 40 years and -- in a correspondence between [my attorney] and -- and attorney

3

-- I mean, district attorney, but I never did hear of any plea for 40 years . . . other than in writing . . . at that one time well after the fact.

A week later, after a new attorney had been appointed, the prosecutor emailed Daughterty's new lawyer, summarizing the facts around the offenses and the earlier plea negotiations. This email said there had been an offer of fifty years, then forty:

> First, I originally offered 50 years on this guy, but I also offered to go down to 40 if he would plead before we got to the grand jury date for the second and third cases. Mr. Daugherty said last week (at the Motion to Withdraw hearing) that he never knew I'd offered 40. I'm not sure I believe that because [Daugherty's first attorney] told me a month ago that her client wanted to know if the 40[-]year offer was still on the table; and I told her no.

The record contains no further evidence of any plea negotiations until trial.

On February 11, 2015, the cases were called for trial, and Daugherty entered his open plea of guilty to the trial court on the three indictments.[2] A statement of the terms summarized above— the abandoned counts and dropped drug-free-zone finding on two cases, as well as the agreement that all sentences would run concurrently—was executed that day. Daugherty's second attorney then summarized the history of the plea negotiations, including Daugherty's positions that he never heard of the forty-year offer until the November hearing where his first counsel withdrew and that, had he been informed of that offer, he would have accepted it. Daugherty's second counsel said the only plea offer he received in his representation was for sixty-five years and that he and Daugherty countered with a request for a recommendation of thirty-five years, which the State

---

[2]The cases were set for trial that day, and a jury was selected. Daugherty submitted the issue of punishment to the trial court.

4

rejected.[3]  The morning of trial, according to counsel, Daugherty made a final counter offer for forty years, which apparently was rejected.  However, the State disputed the existence of this last counter offer.  According to the State, Daugherty made only two counter offers, the request for a fifteen-year recommendation with no drug-free-zone findings, made in August 2014, and the request for a thirty-five-year recommendation without drug-free-zone findings, which the State claims was made the day before trial.  The State pointed out that, at the hearing in early November, where a forty-year offer was alleged and Daugherty's first attorney withdrew, Daugherty gave no indication he would accept a recommendation of forty years.  We also observe in the record from that early November hearing that Daugherty did not inquire whether that forty-year offer was still extended.

In his single point of error, Daugherty claims that the State, at one point, made a plea offer of forty years' imprisonment for the three cases and that Daugherty was never informed of this offer.  Failure to apprise one's client of a plea offer made by the State "falls below an objective standard of professional reasonableness."  *Piland v. State*, 453 S.W.3d 473, 475 (Tex. App.—Texarkana 2014, pet. filed) (citing *Ex parte Lemke*, 13 S.W.3d 791, 795 (Tex. Crim. App. 2000), *overruled on other grounds by Ex parte Argent*, 393 S.W.3d 781); *see Ex parte Wilson*, 724 S.W.2d 72, 74 (Tex. Crim. App. 1987).  Daugherty cites this alleged failure of counsel as evidence Daugherty was denied effective assistance of counsel.

---

[3]According to Daugherty's attorney, the State rejected this offer:  "The State's response was, no, 65 years or an open plea . . . ."

To prevail on a claim of ineffective assistance of counsel, a defendant must show that counsel's performance was deficient and that the defendant was prejudiced thereby. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). Claims of ineffective assistance of counsel must be firmly rooted in the record, with the record itself affirmatively demonstrating the alleged ineffectiveness. *Lopez v. State*, 343 S.W.3d 137, 142–43 (Tex. Crim. App. 2011). Failure to satisfy either prong of the *Strickland* test is fatal. *Ex parte Martinez*, 195 S.W.3d 713, 730 n.14 (Tex. Crim. App. 2006). Thus, we need not examine both *Strickland* prongs if one cannot be met. *Strickland*, 466 U.S. at 697.[4] We will focus on the prejudice requirement as defined by the *Argent* opinion. *See Argent*, 393 S.W.3d at 784. Because Daugherty has not established prejudice, our review is concluded, and we will overrule his point of error.

The first requirement in establishing prejudice under the *Argent* standard is for the defendant to show a substantial probability that the defendant would have accepted the plea offer. *Id.* Here there is nothing in the record, other than Daugherty's own self-serving assertion made after the fact, suggesting that he actually would have accepted the offer of forty years. Daugherty did not testify at the plea hearing, but the parties agreed to allow his attorney to make what was

---

[4]We indulge a strong presumption that counsel's conduct falls within the wide range of reasonable, professional assistance and that it was motivated by sound trial strategy. *See Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). "If counsel's reasons for his conduct do not appear in the record and there is at least the possibility that the conduct could have been legitimate trial strategy, we will defer to counsel's decisions and deny relief on an ineffective assistance claim on direct appeal." *Ortiz v. State*, 93 S.W.3d 79, 88–89 (Tex. Crim. App. 2002). Rarely will a reviewing court be provided the opportunity to make its determination on direct appeal with a record capable of providing an evaluation of the merits of ineffective assistance claims. *Thompson*, 9 S.W.3d at 813. "In the majority of instances, the record on direct appeal is simply undeveloped and cannot adequately reflect" the reasoning of trial counsel. *Id.* at 813–14. Only in the rare case "in which trial counsel's ineffectiveness is apparent from the record" may the appellate court "address and dispose of the claim on direct appeal." *Lopez*, 343 S.W.3d at 143.

referred to as stipulated testimony, that, if Daugherty had testified, he would have said he was never informed of the forty-year offer and that he would have accepted that offer.[5] The fact that Daugherty countered the State's offers with requests for fifteen-year and thirty-five-year sentences, when the State had offered to recommend fifty-year, forty-year, and sixty-five-year sentences, undermines any probability that Daugherty actually would have accepted the forty-year recommendation while that offer was still pending.[6]

Which brings us to the second *Argent* consideration—a reasonable probability the State would not have withdrawn the offer. *Argent*, 393 S.W.3d at 784. In the prosecutor's emails to Daugherty's first attorney, in August 2014, she offered to recommend a fifty-year sentence in exchange for certain concessions by Daugherty, and that offer was good only until September 10. In her November 13 email to Daugherty's second attorney, the prosecutor said that, although she had earlier made an offer of forty years, when Daugherty's first attorney had inquired a month earlier if the forty-year offer was still on the table, she had responded that it was not still open. Based on this statement, the earlier emails saying the fifty-year offer was good until September 10, and the fact that the only offer extended to Daugherty via his second attorney was for sixty-five

---

[5] The State answered defense counsel's summary: "[W]e're not stipulating that Mr. Daugherty was never told about the 40-year offer. We are only stipulating that if he were to testify, that's what he would say."

[6] Further, the record contains the email to Daugherty's second attorney where the prosecutor said the first attorney told the prosecutor Daugherty wanted to know, sometime in October, if the forty-year offer was still extant. This contrasts with Daugherty's assertion at the November 7 hearing, as well as the representation by Daugherty's second attorney, that Daugherty had never been told of the forty-year offer. "Both the performance and prejudice prongs of the *Strickland* ineffectiveness inquiry are mixed questions of law and fact, but the prejudice prong often contains 'subsidiary questions of historical fact, some of which may turn upon the credibility and demeanor of witnesses.'" *Riley v. State*, 378 S.W.3d 453, 458 (Tex. Crim. App. 2012) (quoting *Kober v. State*, 988 S.W.2d 230, 233 (Tex. Crim. App. 1999)). "Appellate courts must show almost total deference to a trial court's findings of historical facts as well as mixed questions of law and fact that turn on an evaluation of credibility and demeanor." *Id*.

years, the record shows a reasonable probability the State was inclined to or did withdraw its offer of forty years.[7]

Finally, an appellant striving to meet the *Argent* requirements must show a reasonable probability that the trial court would not have rejected the plea agreement. *Id.* There is nothing in the record showing the trial court's "practice, mental state, or reaction" to the disputed forty-year offer and no indication that this offer, or even the fifty-year offer, was ever presented to the court. *See Piland*, 453 S.W.3d at 476. While the *Argent* standard is high, particularly as to this third element, the Texas Court of Criminal Appeals nonetheless clearly set this as the final hurdle in *Argent*. Here, the trial court was presented with evidence on three pending indictments, all alleging possession or sale of methamphetamine; there was evidence that the three cases involved Daugherty's possession of 5.89, 6.9, and 20.79 grams of methamphetamine, respectively. The State presented evidence of several criminal convictions dating back to 1975. One of these was a federal conviction for conspiracy to manufacture, distribute, or possess with intent to manufacture, distribute, or dispense methamphetamine or marihuana, for which Daugherty was sentenced to 115 months' incarceration. Daugherty was still on supervised release from that sentence when arrested on the three charges at issue here. Daugherty received a sentence of eight years for a felony charge

---

[7]Daugherty interprets the record to show that the State left the forty-year offer open until August 29, 2014, that on that date the prosecutor advised by email that the offer had expired, and that the State thereafter offered the original fifty-year recommendation. As a citation, Daugherty points to the email sent to the second attorney, in which the prosecutor noted her advice that the forty-year offer was no longer available. It seems clear to us this suggests only that the State was inclined to withdraw the forty-year offer. Additionally, we take note of a statement at the withdrawal hearing by Daugherty's first attorney; after Daugherty claimed not to have been informed of the forty-year offer, his counsel stated that the forty-year offer was made before Daugherty was indicted and that Daugherty had authorized only a fifteen-year counteroffer at that time.

of possession of marihuana with a prior conviction. All of this, plus the trial court's imposition of a life sentence, suggests that the trial court would probably not have approved a forty-year offer, had it been presented.

Considering the totality of the record, Daugherty has failed to demonstrate to a reasonable probability that he was prejudiced under the *Argent* standard, even assuming arguendo that his first attorney indeed failed to tell him of the forty-year offer. We overrule Daugherty's point of error.

We affirm the trial court's judgment and sentence.


Josh R. Morriss, III
Chief Justice

Date Submitted:     August 5, 2015
Date Decided:       September 3, 2015

Do Not Publish